UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JENNIFER HENRY,
                                                    Case No..: 2:25-cv-03723-ARL

                    Plaintiff,

        -against-                                   **ANSWER TO COMPLAINT**

LEARNING MENTOR INC d/b/a
THE LEARNING EXPERIENCE, THE
LEARNING EXPERIENCE CORP.,
 and CLAYTISHA WALDEN, Individually,

                    Defendants.
----------------------------------------------------- X

        Defendants Learning Mentor Inc. d/b/a The Learning Experience ("Learning Mentor")

and Claytisha Walden ("Walden") (together known as "Defendants"), by and through their

attorneys, Kaufman Dolowich, LLP, for its Answer to Complaint herein, upon information and

belief:

## NATURE OF THE CASE

1.  Paragraph 1 contains Plaintiff's characterization of her claims to which no response is
    required. To the extent a response is required Defendants deny any wrongdoing and deny
    that plaintiff is entitle to any relief sought.

2.  Paragraph 2 contains Plaintiff's characterization of her claims to which no response is
    required. To the extent a response is required Defendants deny any wrongdoing.

## JURISDICTION AND VENUE

3.  Defendants admit the allegations in paragraph 3.

4.  Defendants admit the allegations in paragraph 4.

1

## PROCEDURAL PREREQUISITES

5. Defendants deny the allegations in paragraph 5 and affirmatively allege that Plaintiff filed only one EEOC charge (No. 16GC404529) naming only "The Learning Experience" as respondent, with no reference to Defendant Walden or The Learning Experience Corp.

6. Paragraph 6 references a document and no response is required as the document speaks for itself. To the extent a response is required, Defendants deny any allegations inconsistent with the plain terms of the document.

7. Defendants deny knowledge and information thereof sufficient to form a belief as to the truth of any allegation in paragraph 7.

## THE PARTIES

8. The allegations in paragraph 8 are a characterization of Plaintiff to which no response is deemed necessary. If a response is deemed necessary, Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same and leave Plaintiff to her proof.

9. Learning Mentor denies the allegations in paragraph 9.

10. The allegations in paragraph 10 are not directed at answering Defendants and therefore no response is deemed necessary. If a response is deemed necessary, Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny same and leave Plaintiff to her proof.

11. Walden admits the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12, leaving all issues of Law for the Court at the time of trial of this action.

## **MATERIAL FACTS**

*PLAINTIFF'S UNPAID WAGE CLAIMS*

13. Defendants admit that Plaintiff was hired on February 7, 2023, and commenced her duties as Assistant Director of the Infant/Toddler Program on August 23, 2023. Defendants deny the remainder of the allegations in paragraph 13.

14. Defendants deny knowledge and information thereof sufficient to form a belief as to the truth of any the allegation in paragraph 14 and beg leave to refer to the payroll records at the time of trial.

15. Defendants deny knowledge and information thereof sufficient to form a belief as to the truth of any the allegation in paragraph 15 and beg leave to refer to the payroll records at the time of trial.

16. Defendants deny the allegations in paragraph 16, except admit Plaintiff was an Assistant Director and acting Director as necessary.

17. Defendants deny the allegations in paragraph 17.

18. Defendants lack sufficient information to form a belief as to the allegations in paragraph 18 and therefore deny same and leave Plaintiff to her proof.

19. Defendants lack sufficient information to form a belief, as to the allegations in paragraph 19 and therefore deny same and leave Plaintiff to her proof.

20. Defendants deny the allegations in paragraph 20.

21. Defendants lack sufficient information to form a belief as to the allegations and therefore deny same and leave Plaintiff to her proof. Defendants admit the remaining allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

*PLAINTIFF'S CLAIMS OF DISCRIMINATION UNDER*
*TITLE VII, the NYSHRL, the NYCHRL, the FLSA, and the NYLL*

24. Defendants admit the allegations in paragraph 24.

25. Defendants admit the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants admit the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants admit the allegations in paragraph 29.

30. Defendants admit that Plaintiff returned from maternity leave on or around April 4, 2024 and deny the remaining allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants admit that Plaintiff was offered work from 8:00 AM to 1:00 PM Monday to Friday. Defendants deny any remaining allegations in paragraph 33.

34. Defendants admit that Plaintiff informed Defendant Walden of her need to express breast milk. Defendants deny the remaining allegations and leave Plaintiff to her proof.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

4

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants lack sufficient information to form a belief as to the allegations in paragraph 47 and therefore deny same and leave Plaintiff to her proof.

48. Defendants lack sufficient information to form a belief as to the allegations in paragraph 48 and therefore deny same and leave Plaintiff to her proof.

49. Defendants lack sufficient information to form a belief as to the allegations in paragraph 49 and therefore deny same and leave Plaintiff to her proof.

50. Defendants lack sufficient information to form a belief as to the allegations in paragraph 50 and therefore deny same and leave Plaintiff to her proof.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants admit that Plaintiff expressed availability for full-time work. Defendants deny the remaining allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants lack sufficient information to form a belief as to the allegations in paragraph 71 and therefore deny same and leave Plaintiff to her proof.

72. Defendants lack sufficient information to form a belief as to the allegations in paragraph 72 and therefore deny same and leave Plaintiff to her proof.

73. Defendants admit that Plaintiff requested a termination letter and otherwise deny the allegations in paragraph 73.

74. Defendants lack sufficient information to form a belief as to the allegations in paragraph 74 and therefore deny same and leave Plaintiff to her proof.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants admit that there were no performance reviews. As for the remaining allegations in paragraph 77, Defendants lack sufficient information to form a belief as to the allegations contained therein and therefore deny same and leave Plaintiff to her proof.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**(Against Defendants Learning Experience [Learning Mentor])**

83. Answering Defendants repeat and reallege each and every response made in the above paragraphs as if fully set forth herein.

84. Paragraph 84 contains a statement of law to which no response is required. To the extent a response is required, Learning Mentor denies it violated the cited statute(s).

85. Learning Mentor denies the allegations in paragraph 85.

86. Paragraph 86 contains a statement of law to which no response is required. To the extent a response is required, Learning Mentor denies it discriminated Plaintiff in violation of Title VII.

87. Learning Mentor denies the allegations in paragraph 87.

88. Learning Mentor denies the allegations in paragraph 88.

<h3 style="text-align:center"><ins>SECOND CAUSE OF ACTION</ins><br><ins>RETALIATION UNDER TITLE VII</ins><br>(Against Defendants Learning Experience [Learning Mentor])</h3>

89. Learning Mentor repeats and realleges each and every response made in the above paragraphs as if as if fully set forth herein.

90. Paragraph 90 contains a statement of law to which no response is required. To the extent a response is required, Learning Mentor denies it retaliated against Plaintiff in violation of Title VII.

91. Learning Mentor denies the allegations in paragraph 91.

92. Learning Mentor denies the allegations in paragraph 92.

<h3 style="text-align:center"><ins>THIRD CAUSE OF ACTION</ins><br><ins>DISCRIMINATION UNDER THE NYSHRL</ins><br>(Against Defendants Learning Experience [Learning Mentor])</h3>

93. Learning Mentor repeats and realleges each and every response made in the above paragraphs as if fully set forth herein.

94. Paragraph 94 contains a statement of law to which no response is required. To the extent a response is required, Learning Mentor denies it discriminated against Plaintiff in violation of Executive Law § 296(1).

95. Learning Mentor denies the allegations in paragraph 95.

96. Learning Mentor denies the allegations in paragraph 96.

<h3 style="text-align:center"><ins>FOURTH CAUSE OF ACTION</ins><br><ins>RETALIATION UNDER THE NYSHRL</ins><br>(Against Defendants Learning Experience [Learning Mentor])</h3>

97. Learning Mentor repeats and realleges each and every response made in the above paragraphs as if fully set forth herein.

98. Paragraph 98 contains a statement of law to which no response is required. To the extent a response is required, Learning Mentor denies it retaliated against Plaintiff in violation of New York State Executive Law § 296(7).

99. Learning Mentor denies the allegations in paragraph 99.

100. Learning Mentor denies the allegations in paragraph 100.

**FIFTH CAUSE OF ACTION**
**DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW**
**(Against Defendant WALDEN)**

101. Walden repeats and realleges each and every response made in the above paragraphs as if fully set forth herein.

102. Paragraph 102 contains a statement of law to which no response is required. To the extent a response is required, Walden denies it discriminated against Plaintiff in violation of New York State Executive Law § 296(6).

103. Walden denies the allegations in paragraph 103.

104. Walden denies the allegations in paragraph 104.

**SIXTH CAUSE OF ACTION**
**DISCRIMINATION UNDER THE NYCHRL**
**(Against All Defendants)**

105. Defendants repeat and reallege each and every response made in the above paragraphs as if fully set forth herein.

106. Paragraph 106 contains a statement of law to which no response is required. To the extent a response is required, Defendants deny they discriminated against Plaintiff in violation of New York City Administrative Code § 8-107(1)(a).

107. Defendants deny the allegations in paragraph 107.

108. Defendants deny the allegations in paragraph 108.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO ACCOMMODATE UNDER THE NYCHRL**
**(Against All Defendants)**

109. Answering Defendants repeat and reallege each and every response made in the above paragraphs as if fully set forth herein.

110. Paragraph 110 contains a statement of law to which no response is required. To the extent a response is required, Defendants deny they discriminated against Plaintiff in violation of New York City Administrative Code § 8-107(22).

111. Defendants deny the allegations in paragraph 111.

112. Defendants deny the allegations in paragraph 112.

**EIGHT CAUSE OF ACTION**
**RETALIATION UNDER THE NYCHRL**
**(Against All Defendants)**

113. Defendants repeat and reallege each and every response made in the above paragraphs as if fully set forth herein.

114. Paragraph 114 contains a statement of law to which no response is required. To the extent a response is required, Defendants deny they retaliated against Plaintiff in violation of New York City Administrative Code § 8-107(7).

115. Defendants deny the allegations in paragraph 115.

116. Defendants deny the allegations in paragraph 116.

**NINTH CAUSE OF ACTION**
**VIOLATION OF THE FLSA SECTION 7(r)**

117. Defendants repeat and reallege each and every response made in the above paragraphs as if fully set forth herein.

118. Paragraph 118 contains a statement of law to which no response is required. To the extent a response is required, Defendants deny they violated Section 7(r) of the Fair Labor Standards Act.

119. Defendants deny the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120.

## TENTH CAUSE OF ACTION
## VIOLATION OF THE FLSA WAGE THEFT PROVISIONS

121. Defendants repeat and reallege each and every response made in the above paragraphs as if fully set forth herein.

122. Defendants leave all issues of Law for the Court and otherwise deny the allegation in paragraph 122.

123. Defendants admit that Plaintiff was classified as a salaried, exempt employee. Defendants deny that any wages were owed for the period in question.

124. Defendants deny the allegations in paragraph 124.

125. Defendants deny the allegations in paragraph125.

126. Defendants deny the allegations in paragraph 126.

127. Defendants deny the allegations in paragraph 127.

## ELEVENTH CAUSE OF ACTION
## DISCRIMINATION UNDER NEW YORK STATE LABOR LAW §206-c
### (Against All Defendants)

128. Defendants repeat and reallege each and every response made in the above paragraphs as if fully set forth herein.

129. Paragraph 129 contains a statement of law to which no response is required. To the extent a response is required, Defendants deny they violated New York State Labor Law § 206-c.

130. Defendants deny the allegations in paragraph 130.

131. Defendants deny the allegations in paragraph 131.

## TWELFTH CAUSE OF ACTION
## VIOLATION OF NEW YORK STATE LABOR LAW WAGE THEFT PROVISIONS

132. Defendants repeat and reallege each and every response made in the above paragraphs as if fully set forth herein.

133. Defendants leave all issues of Law for the Court and otherwise deny the allegations in paragraph 133.

134. Defendants leave all issues of Law for the Court and otherwise deny the allegations in paragraph 134.

135. Paragraph 135 contains statement of law to which no response is required. To the extent a response is required. Defendants deny the allegations in paragraph 135.

136. Defendants deny the allegations in paragraph 136.

137. Defendants deny the allegations in paragraph 137.

## THIRTEENTH CAUSE OF ACTION
## DISCRIMINATION UNDER NEW YORK STATE LABOR LAW §
### (Against All Defendants)

138. Defendants repeat and reallege each and every response made in the above paragraphs as if fully set forth herein.

139. Paragraph 139 contains a statement of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

140. Defendants deny the allegations in paragraph 140.

141. Defendants deny the allegations in paragraph 141.

## JURY DEMAND

142.     No response is deemed necessary to Plaintiff's request for relief sought in subparagraphs A through F or of the Plaintiff's request for a jury.

## AS A FIRST DEFENSE

143.     The Complaint fails to state a cause of action upon which relief can be granted.

## AS A SECOND DEFENSE

144.     Plaintiff lacks standing to sue.

## AS A THIRD DEFENSE

145.     The Court lacks subject matter jurisdiction.

## AS A FOURTH DEFENSE

146.     Plaintiff alleges no tangible harm.

## AS A FIRTH DEFENSE

147.     Plaintiff failed to satisfy a condition precedent to suit.

## AS A SIXTH DEFENSE

148.     Plaintiff failed to satisfy statutory prerequisites to suit.

## AS A SEVENTH DEFENSE

149.     Plaintiff received complete and timely payment of all wages due.

## AS AN EIGHTH DEFENSE

150.     The conduct alleged in the Complaint does not constitute the violation of a law, rule or regulation.

## AS A NINHTH DEFENSE

151.     Plaintiff earned well in excess of the minimum wage.

**AS A TENTH DEFENSE**

152.     Defendants employed the business judgment rule.

**AS AN ELEVENTH DEFENSE**

153.     Defendants paid Plaintiff in accordance with the agreed upon terms of employment.

**AS A TWELFTH DEFENSE**

154.     Plaintiff did not work the hours claimed.

**AS A THIRTEENTH DEFENSE**

155.     Plaintiff was not prejudiced by any errors, omissions or violations by Defendants.

**AS A FOURTEENTH DEFENSE**

156.     Defendants acted in good faith and had reasonable grounds for their belief that Plaintiff were paid in accordance with applicable law.

**AS A FIFTEENTH DEFENSE**

157.     Defendants' conduct was not willful, malicious or wanton.

**AS A SIXTEENTH DEFENSE**

158.     The Complaint seeks compensation for non-compensable time that is preliminary to or postliminary to Plaintiffs' principal activities.

**AS A SEVENTEENTH DEFENSE**

159.     The Complaint seeks compensation for non-compensable time that is not integral and indispensable to a principal activity.

**AS AN EIGHTEENTH DEFENSE**

160.     The Complaint seeks compensation for working time that is *de minimis*.

**AS A NINETEENTH DEFENSE**

161.     Plaintiff failed to mitigate her damages.

14

<h3 style="text-align:center">AS A TWENTIETH DEFENSE</h3>

162. Any actions taken by Defendants were taken in good faith and for legitimate, non-discriminatory and non-retaliatory business reasons.

<h3 style="text-align:center">AS A TWENTY-FIRST DEFENSE</h3>

163. Defendants maintain a policy of non-discrimination and anti-harassment.

<h3 style="text-align:center">AS A TWENTY-SECOND DEFENSE</h3>

164. Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory or harassing conduct.

<h3 style="text-align:center">AS A TWENTY-THIRD DEFENSE</h3>

165. Plaintiff failed to take advantage of preventative or corrective opportunities provided by Defendants.

<h3 style="text-align:center">AS A TWENTY-FOURTH DEFENSE</h3>

166. Any purported adverse employment actions were based on legitimate business requirements, including certification and licensing requirements mandated by law.

<h3 style="text-align:center">AS A TWENTY-FIFTH DEFENSE</h3>

167. Plaintiff voluntarily resigned her employment.

<h3 style="text-align:center">AS A TWENTY-SIXTH DEFENSE</h3>

168. As to Counts Nine, Ten, Eleven, and Twelve, Plaintiff was not performing compensable work during the training period and no wages were owed for the period prior to commencement of actual employment duties.

<h3 style="text-align:center">AS A TWENTY-SEVENTH DEFENSE</h3>

169. Plaintiff's claims for emotional distress and mental anguish, if any, that arise out of and are related to her employment and are covered exclusively by the New York Workers' Compensation Law, barring recovery in this civil action.

15

**WHEREFORE**, defendants, LEARNING MENTOR INC d/b/a THE LEARNING EXPERIENCE and CLAYTISHA WALDEN, demand judgment dismissing the complaint, together with the costs, disbursements, and attorneys' fees for this action.

Date:   White Plains, New York

KAUFMAN DOLOWICH, LLP

By: _____

Jack Babchik, Esq.
Andrea Strain, Esq.
Attorneys for Defendants Learning Mentor Inc.
d/b/a The Learning Experience and Claytisha Walden
245 Main Street, Suite 330
White Plains, New York 10601
(914) 470-0001
jbabchik@kaufmandolowich.com
andrea.strain@kaufmandolowich.com
KD File: 301962-0002

16